# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

ROBERTO A. MENDOZA, individually and on behalf of a class of other similarly situated individuals,

    Plaintiff,

  v.

PACIFIC THEATRES ENTERTAINMENT CORPORATION; THE DECURION CORPORATION; and DOES 1 thru 10, inclusive,

    Defendants.

Case No.: CV 19-09175-CJC (JCx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 21]**

## I. INTRODUCTION AND BACKGROUND

On September 17, 2019, Plaintiff Roberto A. Mendoza filed this action in Los Angeles County Superior Court against Defendants Pacific Theatres Entertainment Corporation and the Decurion Corporation. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that Defendants violated the Fair and Accurate Credit

-1-

Transactions Act ("FACTA")—an amendment to the Fair Credit Reporting Act ("FCRA")—which requires merchants to print only limited credit and debit card information on receipts. (Compl. ¶ 1.) Specifically, Plaintiff alleges that he received a receipt at a Pacific Theaters location with the first six digits and the last four digits of his debit card printed on it. (*Id.* ¶¶ 40–41.)

Defendants removed to this Court on October 24, 2019, invoking federal question jurisdiction. (Dkt. 1 [Notice of Removal].) On November 19, 2019, Plaintiff filed a motion to remand the action to Los Angeles County Superior Court, arguing that this Court does not have subject matter jurisdiction because Plaintiff lacks Article III standing. (Dkt. 21, hereinafter "Mot.") For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 23, 2019, at 1:30 p.m. is hereby vacated and off calendar.

federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). To satisfy Article III's standing requirement, "a plaintiff must show (1) that it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Defendants, as the party asserting federal jurisdiction, bear the burden of establishing Plaintiffs' Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

"[A] removed case in which the plaintiff lacks Article III standing *must* be remanded to state court under § 1447(c)." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis added); *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."); *Envtl. Research Ctr. v. Heartland Prod.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014) (remanding the action because the plaintiff lacked a cognizable Article III injury). "Remand is the correct remedy" when a district court lacks subject-matter jurisdiction, because "the *federal* courts have no power to adjudicate the matter," while "[s]tate courts

are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196 (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

## III. DISCUSSION

Plaintiff argues that his complaint fails to establish Article III standing because he alleges nothing more than a bare procedural violation of the FACTA. Defendants oppose his motion, arguing that Plaintiff has sufficiently alleged injury in fact. (Dkt. 26, hereinafter "Opp.") Specifically, Defendants cite the following alleged injury from printing too many digits on the receipt:

1. "[H]eightened risk of identity theft," (Compl. ¶ 80),
2. Disclosure of Plaintiff's private financial information "to the world, including to persons who might find the receipts in the trash or elsewhere, including identity thieves who thrive in environments such as Defendants' box office locations," and to those of Defendants' employees who handled the receipt, (*id.* ¶¶ 43, 52, 80), and
3. Being "forced . . . to take action to prevent further disclosure of the private information displayed on the receipt," (*id.* ¶ 80), including by "tak[ing] steps to safeguard the receipt," (*id.* ¶ 42).

(Opp. at 4–5.)

The Court is not persuaded that Plaintiff has adequately alleged an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *See Friends of the Earth*, 528 U.S. at 181. First, Plaintiff's allegations that he faced a heightened risk of identity theft (Compl. ¶ 80; *see* Opp. at 6) are nothing more than a "potential for exposure to actual injury," which "do[es] not entail a degree of risk

sufficient to meet the concreteness requirement" and is "too speculative for Article III purposes." *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 777, 783 (9th Cir. 2018) (finding insufficient allegations that plaintiff was exposed "to identity theft and credit/debit fraud," because he was at "imminent risk" that his "property would be stolen and/or misused by identity thieves," but "did not allege that a second receipt existed, that his receipt was lost or stolen, or that he was the victim of identity theft")[2]; *see Anton v. Prospera Hotels, Inc.*, 2019 WL 4266528, at *2 (C.D. Cal. July 18, 2019) (allegation that plaintiffs "exposed to an elevated risk of identity theft" was speculative, hypothetical, and conjectural injury); *Stelmachers v. Verifone Sys., Inc.*, 2017 WL 3968871, at *4 (N.D. Cal. Sept. 7, 2017), *appeal dismissed,* 2018 WL 4849699 (9th Cir. May 11, 2018) ("Plaintiff cannot manufacture standing by inflicting a burden on himself out of a fear of future identity theft that is nothing more than a remote prospect.") (internal quotation omitted).

Second, allegations that Plaintiff's private financial information were exposed to employees who handled the receipts (Compl. ¶¶ 50, 52; *see* Opp. at 7–8) are not sufficient to create injury in fact. *See Stelmachers*, 2017 WL 3968871, at *5 (allegation that FACTA violation "exposed Plaintiff's credit card number to [vendor's] staff and possibly others" not sufficient to create standing). And the idea that "persons . . . might find the receipts in the trash or elsewhere" (Compl. ¶ 52) is too speculative to create standing. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (injury is not "certainly impending" where it will not materialize absent a "speculative chain of possibilities"). One court described the "litany of speculative events" that would have to come about for this type of exposure to create concrete harm:

---

[2] Defendants distinguish *Basset* because that case related to printing an expiration date, not extra credit card digits, (Mot. at 6–7), but courts have not made such a distinction. *See, e.g.*, *Miranda v. Magic Mountain, LLC*, 2018 WL 571914, at *1 (C.D. Cal. Jan. 25, 2018) (remanding case concerning receipts that contained more than the last five digits of Plaintiffs' credit or debit card numbers); *Edelstein v. Westlake Wellbeing Properties, LLC*, 2017 WL 5495153, at *1 (C.D. Cal. Nov. 15, 2017) (same); *Alvarado v. Univ. of S. Cal.*, 2017 WL 8116092, at *1 (C.D. Cal. Sept. 21, 2017) (same).

> Plaintiff could discard the receipt (despite knowing its contents) so that it can be found by a 'dumpster diver,' or the receipt could be stolen from Plaintiff and then used by a 'carder,' or the taxi cab driver could have made a surreptitious copy or memorized the numbers on the receipt with a nefarious motive, or rogue employees who may or may not have access to Verifone's database could somehow obtain Plaintiff's credit card information.

*Stelmachers v. Verifone Sys., Inc.*, 2016 WL 6835084, at *4 n.3 (N.D. Cal. Nov. 21, 2016). The Court cannot find that such a speculative chain of events is sufficient to support standing here.

And third, Plaintiff's allegation that he had to take extra precaution to safeguard the receipt (Compl. ¶¶ 42, 80; *see* Opp. at 8–9) is not sufficient to confer standing. *Basset*, 883 F.3d at 783 ("Nor did he allege that any risk of harm is real, not conjectural or hypothetical, given that he could shred the offending receipt along with any remaining risk of disclosure.") (internal quotation omitted); *Anton*, 2019 WL 4266528, at *2 (allegation that plaintiffs were "forced . . . to take the time and effort to save receipts in a secure place to ensure that their credit card information would not be stolen in an age when identity thieves have increasingly sophisticated methods and technology" was not sufficient to confer standing); *Stelmachers*, 2017 WL 3968871, at *4 (allegation that FACTA violation burdened plaintiff with "the duty to consistently check his credit card statements, so as to make certain that identity thieves did not take advantage . . . thereby wasting Plaintiff's time" was not sufficient to confer standing).

Given that Plaintiff lacks Article III standing, this case must be remanded to state court. *Polo*, 833 F.3d at 1196; *see Miranda v. Magic Mountain, LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in

fact a notable quirk of the United States federalist system."); *Edelstein v. Westlake Wellbeing Props., LLC*, 2017 WL 5495153 (C.D. Cal. Nov. 15, 2017); *Alvarado v. Univ. of S. Cal.*, 2017 WL 8116092, at *3 (C.D. Cal. Sept. 21, 2017) (tentative ruling, which the Court adopted with further analysis in Dkt. 28).

## IV. CONCLUSION

For the following reasons, Plaintiff's motion to remand is **GRANTED**.

DATED: December 10, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE